(5 App. Div. 450)

### MULLEN v. MARTIN et al.

(Supreme Court, Appellate Division, First Department. May, 1896.)

INJUNCTION—AGAINST TRANSFER OF PROPERTY HELD AS SECURITY.
    Where the holder of the legal title to property has no other interest than that of mortgagee to secure loans made and liabilities incurred by her, she will be enjoined, pending adjustment of her claim, from transferring or mortgaging the property.

Appeal from special term, New York county.

Action by Alice M. Mullen against Joseph Martin and Sarah Martin. From an order denying a motion to continue pendente lite an injunction granted in the action, and setting aside the same, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Truman H. Baldwin, for appellant.
Ezekiel Fixman, for respondents.

RUMSEY, J. The allegations of the complaint, substantially, are that Joseph Martin, one of the defendants, was the attorney and legal adviser of the plaintiff, and that Sarah Martin, the other defendant, was his wife; that the plaintiff's husband, Frank Mullen, was considerably in debt; that in June, 1893, the plaintiff and her husband jointly took a lease of certain premises in the city of New York, upon which the plaintiff erected an hotel, restaurant, saloon, and cigar store; and that she paid the entire cost of the lease and

the buildings, and the fittings and furniture of them.    Plaintiff says that the taking of said lease in the joint names of herself and her husband was a mistake, of which she did not become aware until November or December, 1893, and when she did so she employed the defendant Joseph Martin to draw an assignment from her husband to her of his interest in the lease; that said assignment was drawn and executed by the husband, and left with Martin to be recorded, but was never recorded.    These allegations with regard to the assignment from Mullen to the plaintiff of this lease, and the recording of it, are all denied by the defendants, except the fact that the assignment was never recorded, which is admitted.    It is further alleged by the plaintiff that proceedings had been instituted on behalf of the city of New York for the widening of 138th street, upon which her leasehold premises are situated, and for condemning those premises, with others, and that commissioners had been appointed for the appraisal of the amounts due to the owners for the taking of the property.    She says that Joseph Martin requested her to authorize him, as her attorney, to represent her interest before the commissioners, which she refused to do, and employed another counsel to make her claim.    Martin denies that he requested her to employ him; but it appears, as matter of fact, that he (Martin) did appear in her behalf, and represented to the commissioners that he was authorized to do so, and that another attorney also appeared for the plaintiff at the same time, and that, after some dispute and delay, Martin withdrew his appearance.    The plaintiff then alleges that Mrs. Martin claims to be the owner of the interest of Frank Mullen in the lease, by virtue of an assignment by him to her, and that as such owner she caused an appearance to be made before the commissioners, and claimed that she was entitled to whatever should be awarded to Frank Mullen by reason of his interest in the premises.    It is conceded that Mrs. Martin did cause such an appearance to be had, and made such claim.    It further appears that, upon an execution against Frank Mullen, all his interest in the furniture, good will, and fixtures of the saloon at 138th street was sold by the sheriff, and bid in by Mrs. Martin.    The plaintiff alleges that Mrs. Martin never had any assignment from Frank Mullen of his interest in the leasehold premises, but that the assignment which is produced was not executed by him, or, if it was, it was acquired by the fraud of Martin.    This is denied by the defendants.    In addition, plaintiff alleges that, being the owner of certain premises in the Twenty-Fourth ward, upon which there was a mortgage, she retained Martin as her attorney to obtain a loan for her to pay up the mortgage, and that Martin procured her to convey the premises to his wife, who agreed to pay off the mortgage and raise a new loan on the premises, and reconvey them to the plaintiff; that the premises were conveyed to Mrs. Martin, and the mortgage paid off, and a smaller mortgage negotiated and put upon the premises; and that Mrs. Martin refuses to reconvey the premises to her.    A portion of the truth of this transaction is denied, but upon the whole it seems that it is substantially true.    It appears further from the complaint that in May, 1895, one Louchran recovered a judgment

against the plaintiff in the city court, for $193, which was paid by notes of the plaintiff indorsed by Sarah Martin; that, when matured, those notes were paid by Mrs. Martin, who procured an assignment of the judgment to be made to her; and that she insists that she will issue an execution upon it against the plaintiff's property unless it is paid.    The plaintiff says that Mrs. Martin agreed to pay those notes at maturity, and cause the judgment to be satisfied, and to charge the amount thereof in an account which was due between the plaintiff and Mrs. Martin.    Mrs. Martin denies that, but it appears that she did pay the notes, and that she has charged the amount of the notes, and the expenses of procuring the judgment, to be satisfied, in the account which she presents of moneys due to her from plaintiff.    The plaintiff demands, as relief, that there shall be an accounting between herself and the defendants, and that in the meantime, pending this accounting, the defendant Sarah Martin shall be restrained from transferring or incumbering any of the property which has been put in her hands by the plaintiff or her husband, and that the defendant Sarah Martin shall be required to reassign to the plaintiff, upon such terms as shall be just, all the property which she has received from her.    Upon the complaint and affidavits which accompanied it, the plaintiff on the 14th day of October, 1895, procured an injunction restraining the defendants, or either of them, from selling, assigning, mortgaging, pledging, or otherwise disposing of or incumbering, the interests which they had acquired in the property of the plaintiff mentioned in the complaint, and more particularly set out in the injunction.    At the same time there was granted an order to show cause why the injunction should not be made permanent, and upon the return of that order affidavits were read by both parties; and the result was that the court denied the order to make the injunction permanent, and vacated and set it aside.    From that order this appeal is taken.

The nature of the claim of the plaintiff seems to be that these different pieces of property were assigned by her husband and herself to Mrs. Martin for the purpose of securing her for such moneys as she should advance to the plaintiff and her husband, and for such liabilities as she should undertake in their behalf.    While there is some denial of the details of the complaint, and of such allegations as impugn the motives of the defendants, yet it may be fairly inferred from the opposing allegations of the different parties that that was substantially the nature of the transaction between them, and that all of this property which was transferred to Mrs. Martin, from time to time, by the plaintiff and her husband, was so turned over to her as security for advances made and liabilities incurred, and that she holds it now practically to secure such things.    The plaintiff alleges that she in fact was the owner of all the leasehold estate, and is the absolute and sole owner of the business now carried on there.    This is denied by Mrs. Martin.    Whether or not this is true is not absolutely essential to be decided.    It is of no importance to Mrs. Martin, who has the equity of redemption in this property so long as she holds it only as mortgagee, and so long as she is indemnified for the advances made and liabilities incurred by

her, and is repaid whatever is due to her on that account. She presents a claim which shows a balance due to her of several thousand dollars. Upon an examination of that claim, it is quite clear that it is considerably too large; and, if the affidavit of Frank Mullen be taken to represent the truth, it is very doubtful whether any such amount is due to her as she claims, if, indeed, anything is due whatever. But upon that it is not necessary to pass. It is sufficient for us to say that we are satisfied, from all the facts, that the extent of the claim of Mrs. Martin to this property, which was transferred to her from time to time, is that of mortgagee to secure loans and advances and liabilities which she has incurred, and that the plaintiff will be entitled to a reconveyance of the property when those liabilities shall be paid. Pending the adjustment of these accounts, we do not see that any harm can come to the defendants if they are restrained from interfering with this property, while great inconvenience may result to the plaintiff if the defendants should dispose of or mortgage or incumber their interest in any way. At the same time, the property being to a very considerable extent personal property, and the result of an injunction being to leave the property subject to be lost, wasted, or destroyed by the plaintiff, and to prevent defendants from taking charge of it to protect it, she should, as a condition of having the injunction continued, give a bond, in some reasonable amount, that she will pay to Mrs. Martin whatever sum shall be found due upon the accounting which she asks. Upon the allegations of the parties, it seems to us that the amount of such a bond should be $1,500; and upon giving a bond in that amount, conditioned for the payment to Sarah Martin of any sum that shall be found due to her upon the accounting to be taken in this action, the injunction may be restored. The order appealed from is reversed, and the injunction granted on the 14th day of October, 1895, is restored, and shall be continued until the hearing and decision of this action, upon the execution and delivery by the plaintiff of a bond, in the sum of $1,500, conditioned for the payment by her to the defendant Sarah Martin of any sum of money which shall be found to be due to her upon the accounting to be taken in this action; such bond to be approved by a justice of the supreme court. Neither party to have the costs of this appeal.

Order reversed, and injunction restored and continued until the hearing and decision of this action, upon execution and delivery by the plaintiff of the bond directed in the opinion. Neither party to have costs of appeal. All concur.